UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

SAMANTHA PHILLIPS,

    Plaintiff,

v.                                                CIVIL ACTION NO. 5:25-cv-00355

RALEIGH GENERAL HOSPITAL, LLC,
*A Domestic Corporation*,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending is the parties' Joint Motion to Remand [ECF 10], filed June 20, 2025. The matter is ready for adjudication.

**I.**

On March 18, 2025, Plaintiff Samantha Phillips instituted this state-law-based personal injury action against Defendants Raleigh General Hospital, LLC ("Raleigh General") and Roy Wolfe, Jr., M.D., by filing a Complaint in the Circuit Court of Raleigh County. [ECF 1-1 at 2]. Dr. Wolfe was deemed an employee of the United States and acting within the scope of his employment during the relevant period for purposes of the Public Health Service ("PHS") Act, 42 U.S.C. § 233(h), as amended by the Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233(g)–(n). Accordingly, the Government construed the action as arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), and removed the case

to federal court. On June 13, 2025, Dr. Wolfe and the Government were voluntarily dismissed by stipulation. [ECF 9].

The remaining parties now move for remand, contending that Raleigh General, the only remaining defendant, is not an employee of the Public Health Service, and thus, "the remedies available under 28 U.S.C. Section 233 are no longer available." [ECF 10 at 2]. Additionally, the parties assert that the Court now lacks subject-matter jurisdiction over the case, given the inapplicability of the FTCA to Ms. Phillips' claims against Raleigh General. [*Id.*].

## II.

Title 42 of the United States Code, Section 233(a) provides for an exclusive remedy in civil actions brought under the FTCA "for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment." 42 U.S.C. § 233(a). Section 233(c) provides, in pertinent part, that if, after the Government removes a case under Section 233, a federal district court considering a motion to remand determines "that the case so removed is one in which a remedy by suit within the meaning of subsection (a) . . . is not available against the United States, the case shall be remanded to the State Court." 42 U.S.C. § 233(c).

This action falls squarely within that class of cases requiring remand due to the dismissal of Ms. Phillips' claims against Dr. Wolfe and the United States. Without those parties, no claims arise under federal law, and the FTCA no longer provides a remedy to Ms. Phillips. Accordingly, remand is appropriate.

## III.

For the foregoing reasons, the parties' motion to remand [**ECF 10**] is **GRANTED**. The Court **REMANDS** this action to the Circuit Court of Raleigh County.

The Court **DIRECTS** the Clerk to send a copy of this written opinion and order to counsel of record, to any unrepresented party.

ENTER: July 17, 2025

Frank W. Volk
Chief United States District Judge